UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| KEITH HARTNESS, | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | Nos. 3:11-CR-102-PLR-CCS-1 |
| | ) | 3:14-CV-282-PLR |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION

Before the Court is the United States' motion to deny and dismiss Petitioner's supplemented motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [Doc. 38]. Petitioner submitted the petition on June 19, 2014 [Doc. 30], and supplemented the same on June 14, 2016 [Doc. 33].1 In its supplemented form, the petition challenges Petitioner's enhancement under Section 4B1.1 of the United States Sentencing Guidelines based on *Johnson v. United States*, 135 S. Ct. 2551 (2015), which held that the residual provision of the Armed Career Criminal Act, 18 U.S.C. § 924(e), was unconstitutionally vague [*Id.* (suggesting that his sentence is no longer valid because the residual provision in Section 4B1.2 is equally vague)].

On March 6, 2017, the Supreme Court issued *Beckles v. United States*, which held that the United States Sentencing Guidelines are "not amenable to vagueness challenges." 137 S.Ct. 886,

---

1    Federal Defender Services of Eastern Tennessee (FDSET) filed the original petition as a challenge to Petitioner's career offender designation based on *Descamps v. United States*, 133 S. Ct. 2276 (2013) [Doc. 30]. Two years later, this Court appointed FDSET for the limited purpose of reviewing Petitioner's case to determine whether he was entitled to relief based on *Johnson v. United States*, 135 S. Ct. 2551 (2015). Consistent with that appointment, FDSET amended the petition to assert a claim based on *Johnson* [Doc. 33].

894 (2017). Two weeks later, this Court entered an Order (1) noting the holding in *Beckles* (2) instructing the parties to "file any motion that they want[ed] the Court to consider in conjunction with, or prior to, ruling on [the instant] petition[] on or before April 1, 2017;" and (3) requiring that responsive pleadings be filed on or before April 15, 2017 [Doc. 37].

On March 28, 2017, the United States filed the instant motion to dismiss Petitioner's *Johnson*-based challenge to his career offender designation in light of *Beckles* [Doc. 38]. Petitioner has not filed a response, and the time for doing so has now passed [Doc. 37]. This Court interprets the absence of a response as a waiver of opposition. *See, e.g.*, *Notredan, LLC v. Old Republic Exch. Facilitator Co.*, 531 F. App'x 567, 569 (6th Cir. 2013) (explaining that failure to respond or otherwise oppose a motion to dismiss operates as both a waiver of opposition to, and an independent basis for granting, the unopposed motion); *see also* E.D. Tenn. L.R. 7.2 ("Failure to respond to a motion may be deemed a waiver of any opposition to the relief sought").

## I. PETITION FOR POST-CONVICTION RELIEF

### A. Challenge to Career Offender Designation Based on *Johnson*

To the extent that Petitioner argues that *Johnson* invalidated the Guideline residual clause and that, without that clause, Petitioner's prior convictions for aggravated burglary cannot be categorized as crimes of violence, that argument fails because the United States Sentencing Guidelines are "not amenable to vagueness challenges." *Beckles*, 137 S. Ct. at 894. Thus, *Johnson* did not have any impact on Petitioner's status as a career offender.

### B. Challenge to Career Offender Designation Based on *Descamps*

To the extent that Petitioner argues that his prior convictions for aggravated burglary cannot qualify as predicate crimes of violence regardless of whether or not the Guideline residual clause remains in effect, that argument fails because every version of aggravated burglary that

might not fall within the generic definition of burglary, i.e., the enumerated-offense clause, categorically qualifies as a career offender predicate under the Guidelines residual clause.

The ACCA mandates a fifteen-year sentence for any felon who unlawfully possesses a firearm after having sustained three prior convictions "for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1). The statute defines "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the "use-of-physical-force clause"); (2) "is burglary, arson, or extortion, involves the use of explosives" (the "enumerated-offense clause"); or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the "residual clause"). 18 U.S.C. § 924(e)(2)(B). It was this third clause—the residual clause—that the Supreme Court deemed unconstitutional in *Johnson*. 135 S. Ct. at 2563. The Court went on to make clear, however, that its decision did "not call into question . . . the remainder of the [ACCA's] definition of violent felony," i.e., the use-of-physical-force and enumerated-offense clauses. *Id.*

Section 4B1.1 classifies a defendant as a career offender if (1) he or she was at least eighteen years old at the time the defendant committed the instant offense; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) he or she has at least two prior felony convictions of either a crime of violence or a controlled substance offense. U.S. Sentencing Manual § 4B1.1(a). Only Petitioner's satisfaction of the third prong—possession of two qualifying predicate convictions—is disputed [Docs. 30, 33]. Unlike the ACCA, the Guidelines are not subject to void for vagueness analysis and, as a result, the residual clause in Section 4B1.2 remained in effect after *Johnson*. *Beckles*, 137 S.Ct at 894.

3

To determine whether a particular offense qualifies as a violent felony under any of the prongs of the above definition, courts must first identify the precise crime of conviction. *Descamps v. United States*, 133 S. Ct. 2276, 2285 (2013). They do so by employing a "categorical approach," under which they look "only to the statutory definitions—elements—of a defendant's prior offense, and not to the particular facts underlying [each individual] conviction[]." *Id.* at 2283. When the conviction involves violation of a "divisible" statute—one which comprises multiple, alternative versions of the crime—courts resort to the "modified categorical approach" under which they "consult a limited class of documents, such as indictments and jury instructions, to determine which alternative formed the basis of the defendant's prior conviction." *Id.* at 2281.

At all relevant times, Tennessee defined aggravated burglary as "burglary of a habitation as defined in §§ 39-14-401 and 39-14-402." Tenn. Code Ann. § 39-14-403(a). The statute incorporates two definitions: burglary as set forth in Tennessee Code Annotated § 39-14-402; and "habitation" as set forth in Tennessee Code Annotated § 39-14-401. The former provides that a person commits burglary when, "without, the effective consent of the property owner," he or she:

(1) Enters a building other than a habitation (or any portion thereof) not open to the public, with intent to commit a felony, theft, or assault;

(2) Remains concealed, with the intent to commit a felony, theft, or assault in a building;

(3) Enters a building and commits or attempts to commit a felony, theft, or assault; or

(4) Enters any freight or passenger car, automobile, truck trailer, boat, airplane or other motor vehicle with intent to commit a felony, theft or assault or commits or attempts to commit a felony, theft[,] or assault[.]

Tenn. Code Anno. § 39-14-402(a). The latter defines "habitation" as "any structure, including buildings, module unites, mobile homes, trailers, and tents, which is designed or adapted for the overnight accommodation of persons." Tenn. Code. Ann. § 39-14-401(1)(A).

In the context of the residual clause, the categorical approach requires that the Court ask two questions: "whether the conduct encompassed by the elements of the offense, in the ordinary case, present a serious potential risk of injury to another," *James v. United States*, 550 U.S. 192, 2008 (2007); and whether "the risk posed by the crime in question is comparable to that posed by its closet analog among the enumerated offenses," *Sykes v. United States*, 131 S. Ct. 2267, 2273 (2011); *see also United States v. Evans*, 699 F.3d 858, 865 (6th Cir. 2012) ("[The] Sykes [decision] . . . limited the application of . . . [the] 'purposeful, violent, and aggressive' standard, noting that it had no precise textual link to the residual clause and clarifying that [it] should only be applied to crimes premised on strict liability, negligence, or recklessness.").

Every version of Tennessee aggravated burglary involves conduct that presents a serious potential risk of physical injury to another. *See United States v. Brown*, 516 F. App'x 461, 465 (6th Cir. 2013) ("The Tennessee burglary statute … is similar to generic burglary in the degree of risk posed in that there is 'the possibility of a face-to-face confrontation between the burglar and a third party ... who comes to investigate.'" (quoting *James*, 550 U.S. at 203)); *accord Taylor v. United States*, 495 U.S. 575, 588 (1990) ("The fact that an offender enters a building to commit a crime often creates the possibility of a violent confrontation between the offender and an occupant, caretaker, or some other person who comes to investigate."); *United States v. Skipper*, 552 F.3d 489, 493 (6th Cir. 2009) ("People do unpredictable things when they unexpectedly encounter burglars in their homes. The burglars often reciprocate. The result is confrontations that present a serious risk of physical injury regardless of the burglar's initial intent."); *United States v. Kirk*, 767 F.3d 1136, 1141 (11th Cir. 2014) ("Regardless of whether a burglar breaches the roofed portion of a structure, . . . [h]e may come into contact with the property's owners, occupants, or caretakers. His close physical presence to the structure could lead an innocent person to investigate why he is

there, and his presence alone could reasonably be perceived by any of these persons as threatening. Either the innocent or the burglar might react violently." (citation omitted)). Further, that potential risk of physical injury is just as great as the risk posed by generic burglary. *See Brown*, 516 F. App'x at 465 ("We see no valid reason to distinguish the risk presented by the Tennessee burglary statute from that presented by generic burglary."); *accord United States v. Moore*, 578 F. App'x 550, 554 (6th Cir. 2014) (finding that burglary under Tenn. Code Ann. § 39-14-403(a)(3) presents the same "risk of confrontation and violence" as generic burglary and, thus, qualifies as a violent felony under the ACCA's residual clause). "The main risk of [generic] burglary arises not from the simple physical act of wrongfully entering onto another's property, but rather from the possibility of a face-to-face confrontation between the burglar and a third party—whether an occupant, a police officer, or a bystander—who comes to investigate." *James*, 550 U.S. at 203. The same is equally true of Tennessee aggravated burglary, which by definition can only occur in places "designed or adapted for the overnight accommodation of persons." Tenn. Code. Ann. § 39-14-401(1); *see also Skipper*, 552 F.3d at 492 (finding that Ohio's burglary statue "arguably describes an even more dangerous scenario" than generic burglary because it requires that an innocent person was present or likely present during the offense). Because the offense invariably involves a serious potential risk for injury, divisibility of the statute under *Descamps* is irrelevant.

## II. CONCLUSION

For the foregoing reasons and because this Court interprets Petitioner's failure to respond to the United States' request for dismissal as a waiver of opposition, the motion to deny and dismiss [Doc. 38] will be **GRANTED** and supplemented petition [Docs. 30, 33] will be **DENIED** and **DISMISSED WITH PREJUDICE**. This Court will **CERTIFY** any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY**

Petitioner leave to proceed *in forma pauperis* on appeal. *See* Fed. R. App. P. 24. Petitioner having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

**ORDER ACCORDINGLY.**

_____
**UNITED STATES DISTRICT JUDGE**